IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GEORGE IRA TUCKER,

      Petitioner,

vs.                                                                         No. CIV 99-835 JC/LFG

LAWRENCE A. TAFOYA,

      Respondent.

## MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDED DISPOSITION[1]

### Findings

1. This is a proceeding on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed July 28, 1999. Respondent filed his Answer [Doc. 10] and Motion to Dismiss [Doc. 11] on September 21, 1999. Petitioner George Ira Tucker ("Tucker") is currently confined in the Torrance County Detention Center in Estancia, New Mexico on a Judgment, Sentence and Commitment entered August 10, 1998 by the Eighth Judicial District Court in State v. Tucker, No. CR 98-30 (County of Colfax, New Mexico).

2. Although he has styled his petition as one arising under § 2254, Tucker is not challenging his state conviction or sentence; rather, his complaint involves computation of good-time credit for a concurrent federal sentence arising from a judgment entered June 1, 1999 by United States District

---

[1] Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such findings and recommenda-tions. A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

Court for the District of Wyoming in United States v. Tucker, No. 98 CR 087. This claim would more properly have been brought as a habeas petition under 28 U.S.C. § 2241. However, a pro se litigant's characterization of the action is not dispositive on the availability of relief in federal court. Roman-Nose v. N,M. Dept. of Human Serv., 967 F.2d 435, 437 (10th Cir. 1992); Brown v. Smith, 828 F.2d 1493, 1494 (10th Cir. 1987). The Court will therefore consider Tucker's claim regarding good-time credits as one arising under 28 U.S.C. § 2241.[2]

3. Tucker's petition alleges that the state sentence under which he is currently confined in New Mexico runs concurrently with the sentence rendered by the United States District Court in Wyoming, and that he is not receiving good-time credit on his federal sentence while in state custody. He requests that he be transferred to a federal prison.

4. The United States Attorney General, through the Bureau of Prisons, has the responsibility of administering a federal sentence, including computation of jail-time credit. United States v. Wilson, 503 U.S. 329, 335, 112 S. Ct. 1351, 1354-55 (1992). This Court has jurisdiction to review the computation of jail-time credit only after a prisoner has exhausted his administrative remedies before the BOP. Id., at 335-36; Bennett v. United States Parole Commission, 83 F.3d 324, 327-28 (10th Cir. 1996). Tucker's proper remedy is to request sentencing credits in administrative proceedings, and to challenge the Bureau of Prison's calculation of the time remaining on his sentence, once he completes his state sentence and is in federal custody since, before that time, his request is premature. See, United States v. Washington-Bey, Nos. 95-10060-01, 97-3308, 1997 WL 807871 (D. Kan. Dec. 30, 1997).

---

[2] Although the named Respondent would not be the proper party in an action under § 2241, this point is immaterial in light of the Court's resolution of the Motion to Dismiss.

5. Tucker also argues that he should be allowed to serve his time in federal rather than state prison, because he can earn higher pay and enter a drug rehabilitation program in the federal system. This claim would more properly have been brought as a civil rights action under 42 U.S.C. § 1983. Jordan v. Bowles, 124 F.3d 217 (Table, text in Westlaw), No. 96-2169, 1997 WL 589174 (10th Cir. Sept. 24, 1997). However, whether characterized as a habeas petition or a Section 1983 action, Tucker fails to state a claim on this request. He does not have a constitutional right to be imprisoned in any particular facility, Olim v. Wakinekona, 461 U.S. 238, 245-48, 103 S. Ct. 1741, 1745-47 (1983), nor does he have a constitutional right to prison employment. Ingram v. Papalia, 804 F.2d 595, 596 (10th Cir. 1986). See also, Thannisch v. Scott, 185 F.3d 875 (Table, text in Westlaw), No. 99-6013, 1999 WL 397419 (10th Cir. June 17, 1999), petition for cert. filed August 17, 1999, wherein the Tenth Circuit affirmed denial of a habeas petition, holding that "an inmate's transfer from an institution offering such opportunities [*i.e.,* an opportunity to work, or employment which earns work-time credit] to one that does not implicates no constitution rights."

## **Recommended Disposition**

That Respondent's Motion to Dismiss [Doc. 11] be granted and the action be dismissed with prejudice.

*[signature]*
Lorenzo F. Garcia
United States Magistrate Judge